FILED
13 FEB 12 PM 2:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

MARIA M. ROHAIDY, (Bar No. 143713)
(mmr@tsyslaw.com)
TAUBMAN, SIMPSON, YOUNG & SULENTOR
One World Trade Center, Suite 400
Long Beach, CA 90831-0400
Telephone: (562) 436-9201
Facsimile: (562) 590-9695

Attorneys for Plaintiff, MERCADO LATINO, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, <br><br>Plaintiff, <br><br>v. <br><br>INDIO PRODUCTS, INC, a California Corporation, and DOES 1 through 10, Inclusive,, <br><br>Defendants. | CASE NO. CV13-01027 DDP (RNBx) <br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF THE LANHAM ACT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND FOR A PERMANENT INJUNCTION <br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

## SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338, because certain claims arise under copyright law (17 U.S.C. §§ 101, et seq.), and under trademark law (15 U.S.C. §§ 1051, et seq.).

---

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF
THE LANHAM ACT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND
FOR A PERMANENT INJUNCTION

2. Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because certain claims arise under the laws of the United States.

3. This Court has supplemental jurisdiction over the remaining claims in the Complaint arising under California law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

## VENUE

4. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b) because all defendants reside in this state and at least one defendant resides within this judicial district, and additionally, because a substantial part of the events giving rise to the claims occurred within this judicial district.

## PARTIES AND PERSONAL JURISDICTION

5. At all times herein mentioned, plaintiff, MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, was a corporation duly organized under the laws of the State of California. Plaintiff is informed and believes, and on that basis alleges, that defendant, INDIO PRODUCTS, INC, (hereinafter "INDIO") is a California corporation with its principal place of business located at 5331 E. Slauson Avenue, Commerce, California. Plaintiff is informed and believes, and on that basis alleges, that INDIO is and at all relevant times was, a California corporation qualified to do business in the State of California, County of Los Angeles.

6. Plaintiff is informed and believes, and on that basis alleges, that all of the acts alleged herein occurred within the jurisdiction of this Court.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants, DOES 1 through 10, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE are legally responsible in some manner for the events herein referred to, and proximately caused the damages to the plaintiff as herein alleged. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants, including the defendants named as DOE herein, was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of each of the remaining defendants.

## FACTUAL ALLEGATIONS

### FORMATION AND OPERATION OF MERCADO LATINO, INC.

9. Plaintiff is, and, at all times herein mentioned, was engaged in the business of creating, producing, distributing, and marketing candles.

10. Prior to December 17, 1991, Kirk L. Zehnder, as an employee for hire of MERCADO LATINO, INC., doing business as CONTINENTAL CANDLE COMPANY ("MERCADO"), created an original and distinctive series of designs to be placed on

candles, which among other things, include original works of literary authorship and distinctive labels. This series of designs is commonly known as the "Sanctuary Series" (hereinafter "SUBJECT WORK").

11. On or about December 9, 1991, MERCADO applied to the Register of Copyrights for a Certificate of Registration for the SUBJECT WORK. The certificate was issued by the Register of Copyrights on December 17, 1991 and bears registration number 485 607. A true and correct copy of this Certificate is attached hereto as Exhibit "A".

12. On or about January 30, 1997, MERCADO applied to the Registrar of Copyrights for copyright protection on additional original and distinctive artwork on the "SUBJECT WORK." The certificate was issued by the Registrar of Copyrights on February 25, 1997, and bears registration number 819 654.

13. On or about February 3, 1997, MERCADO applied to the United States Patent and Trademark Office for trademark protection on its design, plus words, letters, and/or numbers on the "SUBJECT WORK." On or about January 20, 1998, its application for trademark protection was granted and MERCADO was issued registration number 2130500.

14. On or about March 17, 1997, MERCADO applied to the United States Patent and Trademark Office for trademark protection on its typed drawing on the "SUBJECT WORK." On or about January 13, 1998, its application for trademark protection was granted and MERCADO was issued registration number 2129119.


15. Plaintiff is currently the owner of all right, title and interest in and to the copyright in the SUBJECT WORK. Plaintiff has manufactured and distributed the SUBJECT WORK in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyrights.

### DEFENDANTS' IMPROPER CONDUCT

16. Plaintiff is informed and believes, and on that basis alleges, that defendants, knowingly, wrongfully, and willfully directly copied the SUBJECT WORK, including plaintiff's original work of literary authorship and distinctive labels. Plaintiff is further informed and believes, and on that basis alleges, that defendants copied the SUBJECT WORK for the specific purposes of infringing plaintiff's copyrights and selling illegal and unauthorized copies of plaintiff's copyrighted work.

17. Plaintiff is informed and believes, and on that basis alleges, that MERCADO first discovered on November 26, 2012, that since at least as early as September 24, 2010, defendants have been reproducing, distributing, promoting, and offering for sale illegal and unauthorized copies of the SUBJECT WORK. Additionally, plaintiff is informed and believes that defendants are using, marketing and selling copies of the SUBJECT WORK in the same trade channels utilized by plaintiff and unlawfully marketing to plaintiff's clients illegal and unauthorized copies of the SUBJECT WORK.

18. Plaintiff is informed and believes, and on that basis alleges, that defendants are attempting to pass their products off as if they are plaintiff's in a manner calculated to deceive plaintiff's customers and members of the general public, in that defendants have

copied the SUBJECT WORK in an effort to make defendants' infringing products confusingly similar to plaintiff's. Plaintiff is further informed and believes that the products produced by defendants on which the SUBJECT WORK is placed are inherently inferior to those manufactured by plaintiff.

19. The natural, probable and foreseeable result of defendants' wrongful conduct has been and will continue to be to deprive plaintiff of the benefits of selling the SUBJECT WORK and its other products, to deprive the plaintiff of goodwill, and to injure plaintiff's relations with present and prospective customers.

20. Plaintiff is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenues from the sale of the SUBJECT WORK and other products and will sustain damage as a result of defendants' wrongful conduct and defendants' production and sale of these infringing products. Defendants' wrongful conduct has also deprived and will continue to deprive plaintiff of opportunities for expanding its goodwill.

21. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the SUBJECT WORK and works derived from it. As a direct and proximate result of the acts of defendants alleged above, plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that defendants have caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable

damage and sustain lost profits until defendants' actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement -- 17 U.S.C. § § 101 et seq.)

### Against All Defendants

22. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, and fully incorporates them herein by this reference.

23. By the actions alleged above, defendants have infringed and will continue to infringe plaintiff's copyright in and relating to the SUBJECT WORK by producing, distributing, and placing upon the market products which are direct copies of the SUBJECT WORK.

24. Plaintiff is entitled to an injunction restraining defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

25. Plaintiff is further entitled to recover from defendants the damages, including attorney's fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by defendants as a result of defendants' acts of infringement alleged above. At present, the amounts of such damages, gains, profits, and advantages cannot be fully ascertained by plaintiff, but is expected to be more than $100,000 in amount.

////

////

## SECOND CLAIM FOR RELIEF

**(Unfair Competition – California Business and Professions Code §17200)**

**Against All Defendants**

26. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 25, inclusive, and incorporates them herein by reference.

27. Beginning at an exact date unknown to plaintiff, but at least September 24, 2010, defendants have committed acts of unfair competition, as defined by Business and Professions Code §17200 by engaging in the following practices: Illegally copying and misappropriating plaintiff's candle designs, including plaintiff's original works of literary authorship and distinctive labels, without plaintiff's authorization, placing those designs on candles, and selling those candles to the general public with the representation that the candle designs originated and were created by defendants.

28. The acts and practices described above, were and are likely to mislead the general public and therefore constitute unfair or fraudulent business practices within the meaning of Business and Professions Code Section 17200. Furthermore, inasmuch as defendants' practice constitutes a violation of Federal Trademark and Copyright laws, such practice is an unlawful business practice within the meaning of Section 17200.

29. Plaintiff is informed and believes and thereon alleges that defendants performed the above-mentioned acts for the purpose of injuring plaintiff and confusing the general public as to the source of the plaintiff's copyrighted material.

30. Defendants threaten to and, unless restrained, will continue to illegally copy

plaintiff's candle designs and sell those candle designs to the public.

31. As a direct and proximate result of the above-mentioned acts, plaintiff has been deprived of the patronage of a large number of its actual and potential customers, all to its damage in an amount to be determined at trial.

32. In connection with the matters and things alleged herein, defendants have been guilty of oppression, fraud, and malice and plaintiff is therefore entitled to exemplary damages in an amount to be proved at trial, treble damages, or both.

### THIRD CLAIM FOR RELIEF

### (Violation of the Lanham Act § 43(a) -- Infringement of Trade Dress)

### Against All Defendants

33. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and fully incorporates them herein by this reference.

34. Plaintiff's use of the SUBJECT WORK on candles which are sold to the public is inherently distinctive and constitutes a trade dress protected by the Lanham Act.

35. By illegally copying the SUBJECT WORK and using the SUBJECT WORK on candles which are inferior to those produced by plaintiff, defendants' conduct has confused and is likely to confuse the public as to the origin of the candles which is in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a).

36. Defendants threaten to and, unless restrained, will continue to confuse the pubic as to the origin of the candles and will continue to injure plaintiff's goodwill.

37. As a direct and proximate result of the above-mentioned acts, plaintiff has

1  been deprived of the patronage of a large number of its actual and potential customers, all
2  to its damage in an amount to be determined at trial.
3
4  38. Defendants' conduct is willful, intended to reap the benefit of MERCADO's
5  goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §
6  1125(a)(1)(A).
7  39. Defendants' wrongful conduct is likely to continue unless restrained and
8  enjoined.
9
10  40. As a result of Defendants' wrongful conduct, MERCAADO has suffered and
11  will continue to suffer damages. MERCADO is entitled to injunctive relief and to an
12  order compelling the impounding of all imitation trademarks being used, offered,
13  advertised, marketed, installed, or distributed by Defendants. MERCADO has no
14  adequate remedy at law for Defendants' wrongful conduct because, among other things,
15
16  (a) MERCADO's trademarks are unique and valuable property which have no readily
17  determinable market value, (b) Defendants' infringement constitutes harm to MERCADO
18  such that MERCADO could not be made whole by any monetary award, (c) if
19  Defendants' wrongful conduct is allowed to continue, the public is likely to become
20
21  further confused, mistaken, or deceived as to the source, origin, or authenticity of the
22  infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to
23  MERCADO, is continuing.
24
25  41. In connection with the matters and things alleged herein, defendants have
26  been guilty of oppression, fraud, and malice and plaintiff is therefore entitled to
27
28

exemplary damages in an amount to be proved at trial, treble damages, or both.

## FOURTH CLAIM FOR RELIEF

**(For Intentional Interference With Prospective Economic Advantage)**

**Against All Defendants**

42. Plaintiff incorporates herein and realleges paragraphs 1 through 41 above as though fully set forth herein.

43. Plaintiff has, and at all times mentioned herein has sold the SUBJECT WORK to distributors and retailers of religious oriented candles and other products.

44. Defendants' intentional acts have resulted in a disruption of the relationship between Plaintiff and said distributors and retailers, and has disrupted Plaintiff's ability to enter into new economic relationships with those and other distributors and retailers.

45. As a result of Defendants' conduct, Plaintiff has suffered actual damage, and will continue to be damaged, in an amount in excess of the jurisdictional minimum of this court in an amount to be proven at the time of the trial of this matter. Plaintiff is also entitled to injunctive relief, exemplary damages, and to recovery of reasonable attorney's fees incurred as a result of Defendants' intentional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. That the Court find that Defendants have infringed Plaintiff's copyrights in the SUBJECT WORK.

2. That the Court finds a substantial likelihood that Defendants will continue to

COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF THE LANHAM ACT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND FOR A PERMANENT INJUNCTION

1 infringe Plaintiff's copyrights in the SUBJECT WORK unless enjoined from doing so.

2     3. That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyrights in the SUBJECT WORK or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's copyrighted work or to participate or assist in any such activity.

    4. That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the SUBJECT WORK in their possession, custody, or control.

    5. That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the SUBJECT WORK.

    6. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the SUBJECT WORK.

---

12
**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF THE LANHAM ACT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND FOR A PERMANENT INJUNCTION**

7. That Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the Court's order.

8. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of plaintiff's copyright.

9. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

10. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

11. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff.

12. That Plaintiff have judgment against Defendants for Plaintiff's attorneys' fees.

13. That Defendants pay Plaintiff punitive damages for their intentional and willful infringement and other violations of law.

14. For treble damages.

15. For interest on said amounts at the legal rate.

16. For such other, further, and different relief as the Court deems proper under

1  the circumstances.

2

3  Dated: February 8, 2012

4

Respectfully submitted,

**TAUBMAN, SIMPSON, YOUNG & SULENTOR**

By: _____
MARIA ROHAIDY
Attorneys for Plaintiff, MERCADO LATINO, INC.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

By: _____
MARIA ROHAIDY
Attorneys for Plaintiff, MERCADO LATINO, INC.

---

14

COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF THE LANHAM ACT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND FOR A PERMANENT INJUNCTION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**CV13- 1027 DDP (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MERCADO LATINO, INC., dba CONTINENTAL CANDLE COMPANY <br><br> *Plaintiff(s)* <br><br> v. <br><br> INDIO PRODUCTS, INC., a California Corporation, and DOES 1 through 10, Inclusive <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. CV13-01027DDP(RNBx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Indio Products, Inc.
5331 E. Slauson Ave
Commerce, CA 90040

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Maria M. Rohaidy
TAUBMAN, SIMPSON, YOUNG & SULENTOR
One World Trade Center, Suite 400
Long Beach, CA 90831-0400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FEB 1 2 2013

Date: _____

CLERK OF COURT

JULIE PRADO

*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MERCADO LATINO, INC., DBA CONTINENTAL CANDLE COMPANY

**DEFENDANTS**
INDIO PRODUCTS, INC.

(b) County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
TAUBMAN, SIMPSON, YOUNG & SULENTOR - One World Trade Center, Suite 400, Long Beach, CA 90831-0400 - (562) 436-9201
Maria M. Rohaidy (SBN 143713)

Attorneys *(If Known)*
RADER, FISHMAN & GRAUER - 39533 Woodward Ave, Suite 140, Bloomfield, Michigan 48304 - (248) 594-0644
Michelle L. Visser

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. §§ 101, et seq., and 15 U.S.C. §§ 1051, et seq.
Brief description of cause:
Copyright & Trademark Infringement; and Lanham Act Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  CV13-01027     DOCKET NUMBER _____

DATE  2-7-13          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark, or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 02/12/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |