O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> INDIO PRODUCTS, INC., a California corporation, <br><br> Defendant. | ) Case No. CV 13-01027 DDP (RNBx) <br> ) <br> ) <br> ) **ORDER GRANTING DEFENDANT'S MOTION** <br> ) **TO DISMISS** <br> ) <br> ) <br> ) <br> ) <br> ) Dkt. No. 20] <br> ) <br> ) |

    Presently before the court is Defendant Indio Products, Inc. ("Indio")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

    Indio and Plaintiff Mercado Latino, Inc. ("Mercado") both sell devotional prayer candles bearing images of saints and other religious figures. (First Amended Complaint ("FAC") ¶¶ 21, 28, 35.)  Mercado's "Sanctuary Series" candles depict a religious icon within a "bullet" shape in the style of a stained glass window, surrounded by a patterned border of colorful, geometric shapes.

(FAC ¶ 21, Ex. E; Motion to Dismiss, Ex. 2.)  Mercado obtained copyrights on "the original and distinctive artwork shown on Sanctuary Series candles."  (FAC ¶¶ 12-14.)  Mercado also trademarked the name "Sanctuary Series" and a design consisting of three circles within a window.  (FAC ¶¶ 18-19.)  Mercado allegedly owns trade dress "comprised of candles with distinctive appearance," and featuring "the unique combination of the following design elements: a depiction of a saint or religious icon, with a border that appears to be a 'bullet' shape in the style of a stained glass window and the name of the saint or the religious icon underneath the depiction."  (FAC ¶ 21.)

In its First Amended Complaint, Mercado alleges that Defendant Indio copied Mercado's copyrights and passed off inferior Indio candles as Mercado products.  (FAC ¶¶ 29-31.)  The FAC further alleges that Indio infringed upon Mercado's Sanctuary Series trade dress and trademarks.  Mercado also alleges causes of action for federal unfair competition under 15 U.S.C. § 1125(a) and intentional interference with prospective economic advantage.  Indio now moves to dismiss all five claims.

**II.  Legal Standard**

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.  Copyright Infringement

To state a claim for copyright infringement, a Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). To satisfy the copying prong, a copyright plaintiff must also allege that the works are substantially similar in their protected

elements. Wild v. NBC Universal, Inc., 788 F.Supp.2d 1083, 1098 (C.D. Cal. 2011). Courts in this circuit regularly apply these requirements at the pleading stage. See, e.g., Wild, 788 F.Supp.2d at 1098; Zella v. E.W. Scripps Co., 529 F.Supp.2d. 1124, 1130-31 (C.D. Cal. 2007); Lafarga v. Lowrider Arte Magazine, No. SACV 11-1501 DOC, 2012 WL 3667441 at *3 (C.D. Cal. Aug. 24, 2012); Minden Pictures, Inc. v. Pearson Education, Inc., No. C 11-05385 WHA, 2012 WL 1595081 at *2 (N.D. Cal. May 4, 2012); Fractional Villas, Inc. v. Tahoe Clubhouse, No. 08cv1396-IEG, 2009 WL 160932 at *2 (S.D. Cal. Jan. 22, 2009).[1]

    Courts employ a two-part analysis, comprised of an "intrinsic" and "extrinsic" test, to determine whether two works are substantially similar. Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002). Here, Indio argues that the FAC fails to allege sufficient facts to satisfy the extrinsic test. (Mot. at 10.) The extrinsic test is an objective comparison of specific, protectable expressive elements. Id. at 822-23. General ideas and scenes a faire that flow necessarily from ideas are not protectable, and therefore play no role in an extrinsic analysis. Id.

    Mercado argues that the protectable elements of the Sanctuary series candles are "the artwork of border with appearance of cathedral window-shaped stained glass." (Opp. at 6-7, FAC Ex. B.) Mercardo's opposition makes no attempt, however, to dispute Indio's contention that Indio candles are not substantially similar to

---

[1] The bulk of Plaintiff's opposition is devoted to the assertion that the validity of its claims cannot be analyzed prior to summary judgment. (Opp. at 2, 4, 5-6, 8-9, 12-15.)

4

1 Mercado's Sanctuary Series candles.  That alone would be reason
2 enough to grant Indio's motion to dismiss.  Even putting aside
3 Mercado's implicit concession, however, it does not appear that the
4 two lines of candles are substantially similar.
5  As an initial matter, the elements identified by Mercado are
6 not all protectable.  The court must filter out the unprotected
7 elements before applying the extrinsic test.  <u>Mattel, Inc. v. MGA</u>
8 <u>Entertainment, Inc.</u>, 616 F.3d 904, 913 (9th Cir. 2010.)  Mercado
9 seeks protection for artwork with the "appearance of cathedral
10 window-shaped stained glass."  An idea alone, such as the idea of
11 depicting a stained-glass cathedral window, is not copyrightable.
12 <u>Feist</u>, 499 U.S. at 344-45;  <u>Satava v. Lowry</u>, 323 F.3d 805, 810 (9th
13 Cir. 2003) ("[N]o copyright protection may be afforded to the idea
14 of producing a glass-in-glass jellyfish sculpture.").
15  To the extent that Mercado argues that the shape of the
16 artwork is a protectable element of expression, the court
17 disagrees.  (See Opp. at 7 ("The copyright cause of action is based
18 on the <u>additional</u> artwork of the border with the stained glass
19 cathedral window shape." (emphasis added)).)  Standard features
20 (i.e., scenes a faire) and unoriginal components are not
21 protectable.  <u>Mattel</u>, 616 F.3d at 913-14; <u>Cavalier</u>, 297 F.3d at
22 822-23; <u>Dream Games of Arizona, Inc. v. PV Onsite</u>, 561 F.3d 983,
23 988 (9th Cir. 2009) ("[E]lements of expression that necessarily
24 follow from an idea, or expressions that are as a practical matter,
25 indispensable or at least standard in the treatment of an idea are
26 [also] not protected." (internal quotation and alteration
27 omitted.)).  The placement of a border around an (admittedly
28 unprotected) image of a religious figure is hardly an original or

5

unique expression. Nor is the use of a "bullet," arched, or conical shape in a depiction of a religious icon in any way novel or groundbreaking. As evinced by Plaintiff's own use of the term "cathedral window shape," the bullet-type design is a widespread and longstanding staple of devotional iconography, to which Mercado can lay no copyright claim.

Thus, the only protectable element of expression to which to apply the extrinsic test is Mercado's border artwork design itself. The extent of copyright protection afforded to an idea or element depends on the possible range of expression of that idea or element. Mattel, 616 F.3d at 913-14. Where the range is narrow, copyright protection is "thinner," and a work must be "virtually identical" to infringe. Id. Where the range of possible expression is broad, substantial similarity is sufficient to establish infringement. Id. Here, the court disagrees with Indio's assertion that there is but a narrow range of potential expression for border artwork. Because there are "gazillions of ways" to design a border, Indio's work need only be substantially similar to Mercado's design. Id.

Indio's border artwork design is not, however, substantially similar to Mercado's design. Mercado's border design features five colors in roughly equal proportions, fairly large rectangles and semicircles in a symmetrical arrangement, and the name of the particular religious figure within the border itself. Indio's design is primarily blue, contains a large number of irregular shapes laid out in a somewhat jumbled and asymmetrical pattern, contains a distinctive, inset image of a dove or angel at the top of the border, and does not incorporate any text.

Because the protected elements of Mercado's expression are not similar to Indio's expression, Mercado cannot state a viable copying claim. Mercado's copyright claim must therefore be dismissed, with prejudice.

B. Trade Dress

Mercado's trade dress claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as currently pled, is premised upon the same facts as its copyright claim. The FAC describes Mercado's Sanctuary Series trade dress as "a depiction of a saint or other religious icon, with a border that appears to be a "bullet" shape in the style of a stained glass window and the name of the saint or the religious icon underneath the depiction." (FAC ¶ 21.) As explained above, these are the same elements for which Mercado seeks copyright protection. Both the copyright and trade dress claims allege that Indio attempts to confuse consumers and to pass its own candles off as Mercado candles. (FAC ¶¶ 31, 36-37.)

The Supreme Court has cautioned that the Lanham Act should not be overextended into areas traditionally covered by copyright law. Dastar Corp. v. Twentieth Cent. Fox Corp., 539 U.S. 23, 34 (2003). To the extent that the Copyright Act provides an adequate remedy, therefore, Lanham Act claims are preempted. Shaw v. Lindheim, 919 F.2d 1353, 1364-65 (9th Cir. 1990); Salt Optics, Inc. v. Jand, Inc., No. SACV 10-828, 2010 WL 4961702 at *7 (C.D. Cal. Nov. 19, 2010).

Mercado's opposition to Indio's preemption argument is puzzling. Mercado merely and conclusorily states that "Defendant has engaged in wrongful conduct under both the Lanham Act and the Copyright Act." This naked assertion, however, is insufficient to

7

sustain Mercado's Lanham Act claim.  Apparently recognizing as much, Mercado argues that there is an independent basis for its trade dress claim because "Plaintiff has discovered instances of Defendant selling Plaintiff's candles bearing Plaintiff's trade dress inside boxes bearing Defendant's name."  (Opp. at 13; Declaration of R. Joseph Decker ¶ 2.)  The FAC, however, makes no mention of these facts.  While the FAC does allege that Indio is attempting to pass off its candles as Mercado products, the only basis for that allegation is that "Defendants have placed their infringing Defendants' Candles in direct competition with Mercado's Sanctuary Series."  (FAC ¶ 37.)  Nowhere does the FAC state any allegations regarding false packaging or repackaging of Mercado candles.  Mercado's trade dress claim is therefore dismissed, with leave to amend.[2]

    C.   Remaining claims

Mercado's opposition suggests that the remaining trademark claim and state law interference with economic advantage claim are also premised upon Indio's re-boxing of Mercado candles in Indio boxes.[3]  (Opp. at 14-15; Decker Decl. ¶ 2.)  The FAC, however, includes no such allegations.  These claims are dismissed with leave to amend.

**IV. Conclusion**

---

[2] Mercado's unfair competition claim, which is also based on Section 43(a) of the Lanham Act, is based upon the same facts as its trade dress claim, and is therefore also dismissed with leave to amend.

[3] Plaintiff does not dispute that, to the extent its intentional interference claim overlaps with its copyright claim, the state law claim is preempted.  See Wild, 788 F.Supp.2d at 1110-1111.

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Plaintiff's copyright claim is dismissed with prejudice. All other claims are dismissed with leave to amend. Any amended complaint shall be filed within ten days of the date of this order.

IT IS SO ORDERED.

Dated: June 12, 2013

DEAN D. PREGERSON
United States District Judge