MARIA M. ROHAIDY (Bar No. 143713)
(mmr@tsyslaw.com)
R. JOSEPH DECKER (SBN 081795)
rjd@tsyslaw.com
TAUBMAN, SIMPSON, YOUNG & SULENTOR
One World Trade Center, Suite 400
Long Beach, CA 90831-0400
Telephone: (562) 436-9201
Facsimile: (562) 590-9695

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

Attorneys for Plaintiff
MERCADO LATINO, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> INDIO PRODUCTS, INC., a California Corporation, and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No. 2:13-cv-01027-DDP-RNB <br><br> **SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** <br> **(1) TRADE DRESS INFRINGEMENT;** <br> **(2) TRADEMARK INFRINGEMENT;** <br> **(3) FEDERAL UNFAIR COMPETITION; AND** <br> **(4) COMMON LAW INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## NATURE OF ACTION

1.     This is a complaint for federal trade dress infringement, federal trademark infringement, federal unfair competition and common law intentional interference with prospective economic advantage.

## SUBJECT MATTER JURISDICTION

2.     This Court has subject matter jurisdiction over this action under the laws of the United States 15 U.S.C. § 1125.  This court has jurisdiction over these

claims pursuant to 28 U.S.C. § 1338(b) and 1367(a).

3.    Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because certain claims arise under the laws of the United States.

## VENUE

4.    Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b) because all defendants reside in this state and at least one defendant resides within this judicial district, and additionally, because a substantial part of the events giving rise to the claims occurred within this judicial district.

## PARTIES AND PERSONAL JURISDICTION

5.    At all times herein mentioned, plaintiff, MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, (hereinafter "MERCADO") was a corporation duly organized under the laws of the State of California.

6.    Plaintiff is, and, at all times herein mentioned, was engaged in the business of creating, producing, distributing, and marketing candles.

7.    Plaintiff is informed and believes, and on that basis alleges, that defendant, INDIO PRODUCTS, INC, (hereinafter "INDIO") is a California corporation with its principal place of business located at 5331 E. Slauson Avenue, Commerce, California.  Plaintiff is informed and believes, and on that basis alleges, that INDIO is and at all relevant times was, a California corporation qualified to do business in the State of California, County of Los Angeles.

8.    Plaintiff is informed and believes, and on that basis alleges, that all of the acts alleged herein occurred within the jurisdiction of this Court.

9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants, DOES 1 through 10, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated

herein as a DOE are legally responsible in some manner for the events herein referred to, and proximately caused the damages to the plaintiff as herein alleged. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants, including the defendants named as DOE herein, was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of each of the remaining defendants.

## MERCADO'S SANCTUARY SERIES® TRADE DRESS

11.    MERCADO is the owner of an inherently distinctive trade dress embodied by the unique and distinctive line of candles marketed and sold under the trademark SANCTUARY SERIES®.  This trade dress is comprised of candles with distinctive appearance and is known as the "Sanctuary Series® Trade Dress".

12.    The Sanctuary Series® Trade Dress features the unique combination of the following design elements: a candle in a clear cylindrical container that is approximately 2.25 x 2.25 x 8.0 inches in length, width and height, filled with a solid, single color wax, the clear cylindrical container has an opaque die-cut label with two opposite sides—a "front" and "back".  The front side of the die-cut label has a silhouette outlined by a black border with a top portion that tapers together and forms a pointed tip that resembles a "bullet" shape, with segments of shapes in varying and alternating sizes and colors, similar to a stained glass window.  Placed over that label is a depiction of a saint or other religious icon.  Directly beneath the depiction of the saint or religious icon, is a separate segment on the label that resembles a scroll with the name of the saint or religious icon.  Representative samples of the Sanctuary Series® Trade Dress are shown below and are also

attached in Exhibit "A".



top portion that tapers together and forms a pointed tip

religious icon

separate segment resembling a scroll with the name of religious icon

clear 2.25x2.25x8.0 cylindrical container

die-cut label with silhouette outlined by a black border that resembles a "bullet" shape

segments of shapes in varying and alternating colors similar to a stained glass window

filled with solid single color wax

13.    The Sanctuary Series® Trade Dress, in part or as a whole, is used simply to convey the distinctive appearance of the Sanctuary Series and is nonfunctional.  The shape and size of the candle are nonfunctional.  Candles come in a plethora of shapes and sizes—there is no need to have a specific shape or size.  The shape and size does not affect a candle's ability to burn or any other utilitarian feature.[1]  The clear cylindrical container is also nonfunctional.  While one may argue that a candle container needs to be clear in order to let the light shine that is not true.  Candles come in a variety of containers, from opaque to translucent,

---

[1] While it may be argued that the size of a candle affects the longevity of the candle's ability to burn, there is no requirement for a candle to burn for a certain amount of time.  Candles come in various sizes and are filled with different materials, thus may have different burn times.  MERCADO's candles are liquid-filled candles that use high-quality wax and 100% cotton wicks placed in the center of the candle in order to provide a clean, safe and long burn.  INDIO's candles are low-quality "inflated" candles that use an inferior wax mixed with air in order to make the candle appear to have the same wax content as the MERCADO candle.  However, due to the composition of the INDIO candle, the burn time is significantly less than MERCADO's candle.  Accordingly, the size of this candle is non-functional.  Furthermore, other manufacturers of religious candles do not use this particular size.  They use candles of varying sizes.  Exhibit "I" shows a variety of different sized candles with religious icons on them.

depending on the style of the candle and the intended light output.  In fact, some candles do not come in any container.  Thus, it cannot be functional.  Any container may be appropriate.  Some candles do not have any containers.  The die-cut label, its shape and contents is also clearly non-functional.  It has absolutely no utilitarian advantage.  The silhouette outlined by a black border with a top portion that tapers together and forms a pointed tip that resembles a "bullet" shape, segments of shapes in varying and alternating sizes and colors, similar to a stained glass window are also non-functional.[2]  Samples of different types of candles used for religious purposes are attached as Exhibit "B".  Based on the samples, it is obvious that MERCADO's Sanctuary Series® Trade Dress is non-functional.  Furthermore, Defendants' own previous candle styles featuring religious icons did not embody such features.  Samples of Defendants' previous candle styles featuring religious icons are attached as Exhibit "C".

14.    None of the elements serve any function other than to distinguish the candles from other candles on the market.

15.    The Sanctuary Series® Trade Dress is inherently distinctive. MERCADO has promoted, advertised and sold Sanctuary Series® candles for over 20 years.  Candles bearing the Sanctuary Series® Trade Dress are sold at national retailers such as Target and Wal-Mart, but moreover, at smaller independent Latino retailers.  Candles bearing the Sanctuary Series® Trade Dress have been marketed extensively by MERCADO as well as their retailers through advertisements, sales representatives and catalogs.  Based on extensive, frequent and ongoing marketing, sales and distribution by MERCADO of the Sanctuary Series® Trade Dress, the Sanctuary Series® Trade Dress has acquired distinctiveness.  Consumers have

---

[2]  Defendants have previously argued that the top portion that tapers together and forms a pointed tip that resembles a "bullet" with segments of shapes in varying and alternating sizes and colors, similar to a stained glass window are a common shape for cathedral windows.  Exhibit "J" shows a variety of stained glass cathedral windows.  The windows in Exhibit "J" show that it is not a common shape or image and that there are a variety of stained glass cathedral windows.  As a result, it is not a common shape or image and it is non-functional.

come to look for MERCADO's high quality candles bearing the Sanctuary Series®
Trade Dress.

16.     The Sanctuary Series® Trade Dress includes the appearance of candles
that have an inherently distinctive appearance.  The Sanctuary Series® Trade Dress
indicates that it emanates from a single source, MERCADO.

17.     Since the time when MERCADO first created and began using the
Sanctuary Series® Trade Dress, MERCADO has been, and currently is, the
exclusive source in the United States for candles having the Sanctuary Series®
Trade Dress.  MERCADO's Sanctuary Series® candles have been sold since their
inception with the Sanctuary Series® Trade Dress, which indicates its source as
MERCADO.

18.     MERCADO has continuously advertised, marketed, sold and
distributed its candles having Sanctuary Series® Trade Dress.

19.     MERCADO has expended substantial effort and funds in developing
goodwill in the Sanctuary Series® Trade Dress and in developing a consumer
association of the Sanctuary Series® Trade Dress as emanating from MERCADO.
Based on such, the public has come to look for candles bearing the Sanctuary
Series® Trade Dress from MERCADO.

## SANCTUARY SERIES TRADEMARKS

20.     On or about February 3, 1997, MERCADO applied to the United
States Patent and Trademark Office for trademark protection for the mark
SANCTUARY SERIES and Design, as shown below:



6

On or about January 20, 1998, its application for trademark protection was granted and MERCADO was issued registration number 2130500. A true and correct copy of the trademark registration is attached as Exhibit "D".

21.    On or about March 17, 1997, MERCADO applied to the United States Patent and Trademark Office for trademark protection for the mark SANCTUARY SERIES. On or about January 13, 1998, its application for trademark protection was granted and MERCADO was issued registration number 2129119. A true and correct copy of the trademark registration is attached as Exhibit "E".

22.    The trademarks referred to by trademark registration nos. 2130500 and 2129119 will be collectively referred to as the Sanctuary Series Trademarks.

## DEFENDANTS' IMPROPER CONDUCT

## DEFENDANT'S INFRINGEMENT OF THE SANCTUARY SERIES® TRADE DRESS

23.    Upon information and belief, Defendants manufacture, import, sell and offer to sell a line of candles (Defendants' Candles). Defendants' Candles includes a candle in a clear cylindrical container that is approximately 2.25 x 2.25 x 8.0 inches in length, width and height, filled with a solid color wax, the clear cylindrical container has a label with two opposite sides—a "front" and "back". The front side of the label features a silhouette outlined by a black border with a top portion that tapers together and forms a pointed tip that resembles a "bullet" shape with segments of shapes in varying and alternating sizes and colors similar to a stained glass window. Placed over that label is a depiction of a saint or other religious icon. Directly beneath the depiction of the saint or religious icon, is a

separate segment on the label with the name of the saint or religious icon.

Representative examples of Defendants' Candles are shown below and are also attached as Exhibit "F".



24.     The Defendants use the Defendants' Candles in interstate commerce throughout the United States, including within the state of California and in this district.

25.     The appearance of the Defendants' Candles so closely resembles the appearance and trade dress of the Sanctuary Series® Trade Dress that the Defendants' Candles are likely to cause confusion, mistake, and deception as to affiliation, connection, or association of the Defendants to MERCADO. Additionally, the appearance of Defendants' Candles so closely resembles the Sanctuary Series® Trade Dress that the Defendants' Candles are likely to cause

confusion, mistake, and deception as to the origin, sponsorship, or approval of the Defendants' Candles.  The Defendants' Candles so closely resemble the Sanctuary Series Trade Dress that Defendants' act of selling and offering to sell Defendants' Candles infringe the Sanctuary Series® Trade Dress.  A comparison of MERCADO's candles featuring the Sanctuary Series® Trade Dress and Defendants' Candles is shown below:

| MERCADO's Candle | Defendants' Candle |
|---|---|
|  |  |

Furthermore, it is clear from the size of the opening of the window adopted by Indio, that Defendants copied MERCADO's Sanctuary Series® Trade Dress.  The exact sizes of the window opening in the Sanctuary Series® Trade Dress were reduced by a factor of 0.056604 as shown in the comparison, below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Sanctuary Height in Inches | Sanctuary Height In Decimal | Reduction Factor | Indio Height in Decimal | Indio Height in Inches |
|---|---|---|---|---|
| 6 5/8 | 6.625 | 0.056604 | 6.25 | 6 1/4 |

| Sanctuary Width in Inches | Sanctuary Width In Decimal | Reduction Factor | Indio Width in Decimal | Indio Width in Inches |
|---|---|---|---|---|
| 3 5/16 | 3.3125 | 0.056604 | 3.125 | 3 1/8 |

26.    The Defendants have placed their infringing Defendants' Candles in direct competition with candles bearing MERCADO's Sanctuary Series® Trade

Dress well after the Sanctuary Series® Trade Dress acquired secondary meaning, and are attempting to "pass off" the Defendants' Candles as high-quality MERCADO Sanctuary Series® candles.

27.     The Defendants use of nearly identical trade dress on Defendants' Candles infringes MERCADO's Sanctuary Series® Trade Dress and has caused, and will continue to cause, confusion among the candle buying public.

28.     Upon information and belief, the Defendants have engaged in intentional infringement by designing, manufacturing, and importing candles having an appearance that is confusingly similar to MERCADO's Sanctuary Series® Trade Dress.

29.     Upon information and belief, the Defendants have further placed candles bearing MERCADO's Sanctuary Series® Trade Dress in boxes bearing Defendants' trade name, Indio.  Pictures of MERCADO's candles in Indio boxes is attached as Exhibit "G".

30.     Upon information and belief, the Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with MERCADO's Sanctuary Series® Trade Dress and to capitalize on MERCADO's highly respected reputation.

31.     The Defendants will continue to manufacture and import their infringing Defendants' Candles and cause additional confusion in the marketplace and further dilute the fame of MERCADO's Sanctuary Series® Trade Dress unless they are enjoined.

## DEFENDANTS' INFRINGEMENT OF THE SANCTUARY SERIES TRADEMARK

32.     Defendants have sold MERCADO candles, bearing the Sanctuary Series Trademarks in boxes bearing Defendants' trade name, Indio.  Defendants are

11

doing such in interstate commerce throughout the United States, including within the state of California and in this district.

33.     In addition to selling its candles bearing the Sanctuary Series Trademarks as single pieces in retail stores, MERCADO also sells them in cases of twelve at those retail locations.  Some retailers, such as Walmart, primarily sell the candles in 12-packs.  A printout from Walmart's website selling the candles as a 12-pack is attached as Exhibit "H".

34.     Like MERCADO, Defendants also sell their candles by the box.  In fact, in one of Defendants' website's for their religious candles, www.eternaluxcandle.com, it shows that Defendants routinely sell their candles by and from the box. A screen printout from Defendants' website showing how their candles are sold by and from the box is attached as Exhibit "K".

35.     The sale of such MERCADO candles in Indio boxes is likely to cause confusion, mistake, and deception as to an affiliation, connection, or association of Defendants with MERCADO.  Additionally, the sale of such MERCADO candles in Indio boxes is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of MERCADO's Sanctuary Series Trademarks. Defendants' act of selling and offering to sell MERCADO's candles bearing the Sanctuary Series Trademarks infringe the MERCADO's Sanctuary Series Trademarks.

36.     Defendants have placed their Defendants' Candles in competition with candles bearing MERCADO's Sanctuary Series Trademarks and are attempting to "pass off" their Defendants' Candles as high quality MERCADO candles.

37.     Defendant's use of candles with MERCADO's Sanctuary Series Trademarks in packaging bearing the trade name Indio has caused, and will cause, confusion among the candle buying public.

38.     Upon information and belief, Defendants have engaged in intentional

infringement by placing candles with MERCADO's Sanctuary Series Trademarks in packaging bearing the trade name Indio.

39.    Upon information and belief, Defendants have acted with full knowledge of MERCADO's Sanctuary Series Trademarks and without MERCADO's authorization or consent.

40.    Upon information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with MERCADO's Sanctuary Series Trademarks and to capitalize on MERCADO's highly respected reputation.

41.    The Defendants will continue to manufacture and import their infringing Defendants' Candles and cause additional confusion in the marketplace and further dilute the fame of MERCADO's Sanctuary Series Trademarks unless they are enjoined.

## FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement; 15 U.S.C. § 1125(a))

42.    Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

43.    Plaintiff's use of the Sanctuary Series® Trade Dress on candles which are sold to the public is inherently distinctive and constitutes a trade dress protected by the Lanham Act.

44.    By illegally copying the Sanctuary Series® Trade Dress and using the Sanctuary Series® Trade Dress on candles which are inferior to those produced by plaintiff, defendants' conduct has confused and is likely to confuse the public as to the origin of the candles which is in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a).

45.    Defendants threaten to, and unless restrained, will continue to confuse

the public as to the origin of the candles and will continue to injure plaintiff's goodwill.

46.   As a direct and proximate result of the above-mentioned acts, plaintiff has been deprived of the patronage of a large number of its actual and potential customers, all to its damage in an amount to be determined at trial.

47.   Defendants' conduct is willful, intended to reap the benefit of MERCADO's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.   Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

49.   As a result of Defendants' wrongful conduct, MERCADO has suffered and will continue to suffer damages. MERCADO is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants. MERCADO has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) MERCADO's trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to MERCADO such that MERCADO could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to MERCADO, is continuing.

50.   In connection with the matters and things alleged herein, defendants have been guilty of oppression, fraud, and malice and plaintiff is therefore entitled to exemplary damages in an amount to be proved at trial, treble damages, or both.

### SECOND CLAIM FOR RELIEF

**(Trademark Infringement; 15 U.S.C. § 1114)**

51.     Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

52.     By the acts and omissions set forth above, Defendants have infringed and continue to infringe MERCADO's rights regarding MERCADO's federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with MERCADO's ability to use its mark to indicate a single quality controlled source of goods and services.

53.     MERCADO has suffered, is suffering, and will continue to suffer, irreparable injury for which MERCADO has no adequate remedy at law. MERCADO is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

54.     Defendants have profited and are profiting from such infringement and MERCADO has been, and is being, damaged by such infringement. MERCADO is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

55.     Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive.  MERCADO is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).  MERCADO is also entitled to, among other things, the cost of corrective advertising.

**THIRD CLAIM FOR RELIEF**

**(Federal Unfair Competition; 15 U.S.C. § 1125(a))**

56.     Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set

forth hereat.

57.   By the acts and omissions set forth above, Defendants are unfairly competing with MERCADO in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

58.   Due to such unfair competition, MERCADO has suffered, is suffering, and will continue to suffer, irreparable injury for which MERCADO has no adequate remedy at law.  MERCADO is therefore entitled to a permanent injunction against Defendants to prevent them from unfairly competing with MERCADO.

59.   Defendants have profited and are profiting from their unfair competition with MERCADO, and MERCADO has been, and is being, damaged and losing profit by such unfair competition. MERCADO is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

**FOURTH CLAIM FOR RELIEF**

**(For Intentional Interference With Prospective Economic Advantage)**

**Against All Defendants**

60.   Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

61.   Plaintiff has and at all times mentioned herein has, sold the Sanctuary Series candles to distributors and retailers of religious oriented candles and other products.

62.   Defendants' have contacted Plaintiff's said distributors and retailers, and because of its intentional acts has resulted in a disruption of the relationship between Plaintiff and said distributors and retailers, and has disrupted Plaintiff's ability to enter into new economic relationships with those and other distributors

and retailers.

63.    As a result of Defendants' conduct, Plaintiff has suffered actual damage, and will continue to be damaged, in an amount in excess of the jurisdictional minimum of this court in an amount to be proven at the time of the trial of this matter. Plaintiff is also entitled to injunctive relief, exemplary damages, and to recovery of reasonable attorney's fees incurred as a result of Defendants' intentional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

(a)    That the Court find that Defendants have infringed Plaintiff's trade dress in the Sanctuary Series® Trade Dress.

(b)    That the Court find that Defendants have infringed Plaintiff's trademark in the Sanctuary Series Trademarks.

(c)    That the Court find that Defendants have competed unfairly with Plaintiff.

(d)    That the Court find that Defendants have willfully violated the applicable laws of the United States and of the states where Defendants' goods have been sold, all to the detriment of Plaintiff.

(e)    That the Court find that Defendants have injured Plaintiffs' business reputation by the unauthorized use of Plaintiff's Sanctuary Series® Trade Dress.

(f)    That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiff's Sanctuary Series® Trade Dress and Sanctuary Series Trademarks unless enjoined from doing so.

(g)    That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing,

17

Plaintiff's trade dress in the Sanctuary Series® Trade Dress, Plaintiff's trademark in the Sanctuary Series Trademarks or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's copyrighted work or to participate or assist in any such activity.

(h)     That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Sanctuary Series® Trade Dress and Sanctuary Series Trademarks in their possession, custody, or control.

(i)     That Defendants, including any of their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe of the Sanctuary Series® Trade Dress and Sanctuary Series Trademarks,.

(j)     That Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with the Court's order.

(k)     That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's Sanctuary Series® Trade Dress and Sanctuary Series Trademarks.

(l)     That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

(m)     That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff.

(n)     That Plaintiff have judgment against Defendants for Plaintiff's attorneys' fees.

(o)     That Defendants pay Plaintiff punitive damages for their intentional and willful infringement and other violations of law.

(p)     That Defendants pay restitution to Plaintiff.

(q)     That Defendants pay Plaintiff the amount necessary for corrective advertising.

(r)     That Defendants pay Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.

(s)     For treble damages.

(t)     For interest on said amounts at the legal rate.

(u)     For such other, further, and different relief as the Court deems proper under the circumstances.

Dated:  June 20, 2013                    Respectfully submitted,

                                         **TAUBMAN, SIMPSON, YOUNG & SULENTOR**

                                         By:_____
                                              MARIA ROHAIDY
                                         Attorneys for Plaintiff, MERCADO
                                                      LATINO, INC.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

                                         By:_____
                                              MARIA ROHAIDY
                                         Attorneys for Plaintiff, MERCADO
                                                      LATINO, INC.

# TABLE OF CONTENTS

A.   Representative samples of the Sanctuary Series® Trade Dress..............1-11

B.   Samples of different types of candles used for religious purposes.........12-35

C.   Samples of Defendants' previous candle styles featuring religious icons…………………………………………………………………..36-38

D.   Copy of MERCADO trademark registration number 2130500...............39

E.   Copy of MERCADO trademark registration number 2129119...............40

F.   Representative examples of Defendants' Candles...........................41-62

G.   Pictures of MERCADO's candles in Indio boxes...........................63-67

H.   A printout from Walmart's website selling MERCADO candles as a 12-pack…………………………………………………………………..68-69

I.   Picture of a variety of different sized candles with religious icons on Them…………………………………………………………………….....70

J.   Pictures of a variety of stained glass cathedral windows...................71-80

K.   A screen printout from Defendants' website showing how their candles are sold by and from the box…………………………………………….81-90

**EXHIBIT A**



## Continental Candle Co.
### Sanctuary Series
31834 20214



Continental Candle Co.
Sanctuary Series
31834 20338

2



Continental Candle Co.
Sanctuary Series
31834 20249

3



SANTO NIÑO DE ATOCHA

Continental Candle Co.

Sanctuary Series

31834 20273

4



## Continental Candle Co.
### Sanctuary Series
31834 29785





Continental Candle Co.
Sanctuary Series
31834 28371





NIÑO JESUS

Continental Candle Co.
Sanctuary Series
31834 28231

1



Continental Candle Co.
Sanctuary Series
31834 21113





Continental Candle Co.
Sanctuary Series
31834 20834

9



Continental Candle Co.

Sanctuary Series

31834 20362

10



# Continental Candle Co.

## Sanctuary Series

31834 20435



**EXHIBIT B**



St. Jude Candle Co.

10521 01114

12