O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY, | ) ) ) | Case No. CV 13-01027 DDP (RNBx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | ) ) | |
| INDIO PRODUCTS, INC., a California corporation, | ) ) ) | |
| | ) | [Dkt. No.33] |
| Defendant. | ) ) | |

Presently before the court is Defendant Indio Products, Inc. ("Indio")'s Motion to Dismiss the Second Amended Complaint. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

Indio and Plaintiff Mercado Latino, Inc. ("Mercado") both sell devotional prayer candles bearing images of saints and other religious figures. (Second Amended Complaint ("SAC") ¶¶ 7, 12, 23.) Mercado's "Sanctuary Series" candles are clear containers bearing a label depicting a religious icon within a "bullet" shape

in the style of a stained glass window, surrounded by a patterned border of colorful, geometric shapes. (SAC ¶). Mercado obtained copyrights on "the original and distinctive artwork shown on Sanctuary Series candles." (FAC ¶¶ 12-14.) Mercado also trademarked the name "Sanctuary Series" and a design consisting of three circles within a window. (SAC ¶¶ 20-21.) Mercado allegedly owns trade dress featuring a combination of a clear container of certain dimensions filled with a single color wax, a two-sided "opaque die-cut label" with a bullet-shaped, black bordered silhouette featuring various shapes, atop of which is placed an image of a religious figure and a depiction of a scroll with the figure's name. (SAC ¶ 12.)

       B.   Procedural History

In its First Amended Complaint, Mercado alleged that Defendant Indio copied Mercado's copyrights and passed off inferior Indio candles as Mercado products. (FAC ¶¶ 29-31.) The FAC further alleged that Indio infringed upon Mercado's Sanctuary Series trade dress and trademarks. Mercado also alleged causes of action for federal unfair competition under 15 U.S.C. § 1125(a) and intentional interference with prospective economic advantage.

Indio moved to dismiss all claims. The court dismissed Mercado's copyright claim, with prejudice. (Order Granting Motion to Dismiss at 6.) Indio argued that Mercado's trade dress claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), should also be dismissed because it was premised upon the same facts as its copyright claim. As this court explained, Lanham Act trademark claims that overlap with copyright claims are preempted when the

1  Copyright Act provides an adequate remedy.  (Order at 8 (citing
2  <u>Dastar Corp. v. Twentieth Cent. Fox Corp.</u>, 539 U.S. 23, 34 (2003);
3  <u>Shaw v. Lindheim</u>, 919 F.2d 1353, 1364-65 (9th Cir. 1990)).)
4      Mercado did not oppose Indio's preemption argument.  Instead,
5  Mercado asserted that Indio had engaged in wrongful conduct
6  independent of its alleged copyright violations.  As the court
7  noted, however, Mercado made no such allegations in the First
8  Amended Complaint.  Rather, by way of declaration, Mercado
9  contended that Indio was selling Mercado's Sanctuary Series candles
10 in boxes labeled with Indio's name.  At oral argument, Mercado
11 confirmed that this purported repackaging was the purportedly
12 independent basis for its trade dress claim.  Because it appeared
13 that Mercado would be able to amend its complaint to include
14 factual allegations regarding this repackaging, the court dismissed
15 Mercado's trade dress claim with leave to do so.  (Mercado's trade
16 dress claim is <u>therefore</u> dismissed, with leave to amend (Order at 8
17 (emphasis added).)  The court further explained that because
18 Mercado's unfair competition, trademark, and interference with
19 economic advantage claims were also predicated upon the new
20 repackaging assertions, those claims were also dismissed with leave
21 to amend.  (Order at 9.)
22     Mercado then filed its Second Amended Complaint.  Indio now
23 moves to dismiss the SAC in its entirety.

**II. Legal Standard**

25     A complaint will survive a motion to dismiss when it contains
26 "sufficient factual matter, accepted as true, to state a claim to
27 relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.
28 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

3

570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.  Scope of Trade Dress Amendments

Mercado's trade dress claim, as previously pled, was premised on the same facts as its copyright claim, and was therefore preempted. As explained above, Mercado did not oppose dismissal on

4

preemption grounds.  The court granted Mercado leave to amend, however, because it claimed that it could allege facts regarding Indio's purported repackaging of Sanctuary Series candles in Indio boxes.

Unlike the First Amended Complaint, the Second Amended Complaint does include facts relating to repackaging.  (SAC ¶¶ 29, 32-41.)  The Second Amended Complaint, however, also includes the same trade dress claims that this court previously dismissed as preempted.  The only significant difference between these claims, as pled in the First and Second Amended Complaints, is that the SAC includes additional elements of Mercado's alleged trade dress, including a clear, cylindrical container and a "solid color wax." (SAC ¶ 12.)  Indio argues that these amendments exceed the scope of the leave to amend.  The court agrees.

At this stage, Mercado may only amend its complaint with Indio's leave or by leave of the court.  Fed. R. Civ. P. 15(a)(2). This court granted Mercado leave to amend its non-copyright claims solely because Mercado identified an independent basis for its claims: repackaging.  The SAC, however, pleads new facts wholly unrelated to the repackaging allegations.  When a plaintiff exceeds specific authorization to cure certain deficiencies, courts will dismiss or strike the new, improper allegations.  See, e.g. Benton v. Baker Hughes, No. CV 12-07735 MMM (MRWx), 2013 WL 3353636 at *3 (C.D. Cal. Jun. 30, 2013) (collecting cases).  Accordingly, all allegations unrelated to Indio's repackaging of authentic Mercado candles are stricken from the SAC.  It is not apparent to the court, nor does Mercado argue, that the newly alleged repackaging

5

facts provide any basis for a trade dress claim. Count 1 is, therefore, dismissed with prejudice.

### B. First Sale Doctrine

Indio argues that all four of Mercado's claims, insofar as they relate to Indio's alleged repackaging, are barred by the First Sale Doctrine.[1] "[T]rademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold." NEC Electronics v. CAL Circuit Abco, 810 F.2d 1506, 1509 (9th Cir. 1987). Because the sale of a real product under a true mark would not deceive consumers, under the First Sale Doctrine, "resale by the first purchaser of the original article under the producer's trademark is generally neither trademark infringement nor unfair competition." Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998); Sebastian Int'l v. Longs Drug Stores Corp., 53 F.3d 1073, 1076 (9th Cir. 1995) ("It is the essence of the 'first sale' doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act.").

Here, the SAC alleges that Indio placed Mercado Sanctuary Series candles into boxes bearing Indio's name and sold the boxes.

---

[1] Mercado's unfair competition claim is also based on Section 43(a) of the Lanham Act. Mercado's intentional interference with economic advantage claim is based upon the alleged Lanham Act violations.

(SAC ¶¶ 29, 32).[2] The SAC further alleges that both Indio and Mercado sell candles by the boxful, and that Indio is attempting to "pass off" its own products as Mercado candles. (SAC ¶¶ 33-34, 36.) Exhibit G to the SAC consists of several images of twenty boxes "purchased 3/22/013 at Vernon Sales." (SAC Ex. G.) Each box contains twelve candles appearing to be Sanctuary Series candles. The boxes appear to be brown cardboard shipping boxes, bearing packing tape and large "Made in China" lettering. Id. Affixed to nineteen of the twenty boxes are white labels with black lettering reading "INDIO PRODUCTS INC," as well as "ITEM DESCRIP" and various written combinations of colors and religious figures (e.g. "ST MARTHA WHITE"). Id.

Mercado argues that the "material difference" exception to the First Sale Doctrine applies.[3] (Opp. at 17-19.) Also known as the "quality control" exception, this theory posits that when products are sold under a producer's trademark but are distributed in a manner that does not meet the trademark holder's quality control standards, there may be some hidden defect that tarnishes the mark. Enesco, 146 F.3d at 1087; SoftMan Prods. Co., LLC v. Adobe Sys., Inc., 171 F. Supp. 2d 1075, 1092 (C.D. Cal. 2001). In such cases, the non-conforming product should not be considered genuine, and

---

[2] The SAC somewhat imprecisely alleges that Indio placed "candles bearing Mercado's Sanctuary Series Trade Dress" in Indio boxes. (SAC ¶ 29.) The SAC appears, however, to refer to genuine Mercado products, rather than Indio products alleged to be similar in appearance. (SAC ¶¶ 29 ("Pictures of Mercado candles in Indio boxes . . . ."), 32 ("Defendants have sold Mercado candles . . . .").)

[3] At argument, the court specifically asked Mercado which, if any, of the exceptions to the First Sale Doctrine apply. Mercado identified and argued only the "material difference" exception.

7

the first sale doctrine will not apply. <u>SoftMan</u>, 171 F. Supp. 2d at 1092.

The only related allegation in the SAC is that "Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with MERCADO'S ability to use its mark to indicate a single quality controlled source of goods and services." (SAC ¶ 52.) Beyond that, Mercado once again seeks to support its argument with facts not pled in the complaint. Plaintiff submits the declaration of Mercado Vice President Richard Rodriguez, who states that Mercado uses a patented device to ensure that its candles' wicks remain centered during shipping. (Rodriguez Decl. ¶¶ 3-11.) If the device is not used, lit candles may shatter or explode. (<u>Id.</u> ¶ 8.) The Mercado candles purchased from Vernon Sales in Indio boxes did not contain the wick-centering device. (<u>Id.</u> 17.)

Indio seems to suggest that absent an allegation of actual product malfunction, the "quality control" exception cannot apply. (Reply at 4.) As the <u>Enesco</u> court explained, however, "[c]ourts have recognized the quality control argument in trademark infringement cases where there is some defect <u>(or potential defect)</u> in the product itself that the customer would not be readily able to detect." <u>Enesco</u>, 146 F.3d at 1087 (emphasis added) (original emphasis, internal quotation, and citation omitted).

Thus, the facts alleged in the Rodriguez declaration might be sufficient to warrant invocation of the material difference, <u>had they been alleged in the complaint</u>. Without such factual support, however, Mercado's allegation that Indio's actions "interfere with MERCADO'S ability to use its mark to indicate a single quality

8

controlled source of goods and services" is nothing more than a conclusory assertion.[4] Mercado's trademark claim, as currently pled, thus does not fall within the "material alteration" or "quality control" exception to the First Sale Doctrine.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Plaintiff's trade dress claim is dismissed with prejudice. In all other respects, Defendant's Motion to Dismiss is GRANTED, with limited leave to amend. Should Plaintiff desire to amend the SAC to include allegations relevant to the "quality control" exception to the First Sale Doctrine, it must do so within ten days of the date of this order.

IT IS SO ORDERED.

Dated: September 24, 2013

DEAN D. PREGERSON
United States District Judge

---

[4] Contrary to Indio's argument, the Rodriguez Declaration does not state that Mercado purchased <u>all</u> of Vernon Sales' inventory, and this action is not, therefore, moot. (Rodriguez Decl. ¶ 15 ("[O]ur representative observed a large quantity of other Sanctuary Series candles offered for sale in Indio's 12 pack boxes.").)