O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INDIO PRODUCTS, INC., a California corporation,<br><br>Defendants. | Case No. CV 13-01027 DDP (RNBx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Dkt. No.79] |

Presently before the court is Defendant Indio Products, Inc. ("Indio")'s Motion for Judgment on the Pleadings.[1] Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**I.  Background**

---

[1] Although Defendant's Notice of Motion refers to a motion to dismiss, the memorandum in support of the motion concerns a motion for judgment on the pleadings.

Indio and Plaintiff Mercado Latino, Inc. ("Mercado") both sell devotional prayer candles bearing images of saints and other religious figures. (Second Amended Complaint ("SAC") ¶¶ 7, 12, 23.) Mercado's "Sanctuary Series" candles feature "a clear cylindrical container that is approximately 2.25 x 2.25 x 8.0 inches in length, width and height, filled with a solid, single color wax, the clear cylindrical container has an opaque die-cut label with two opposite sides – a 'front' and 'back'. The front side of the die-cut label has a silhouette outlined by a black border with a top portion that tapers together and forms a pointed tip that resembles a 'bullet' shape, with segments of shapes in varying and alternating sizes and colors, similar to a stained glass window. Placed over that label is a depiction of a saint or other religious icon. Directly beneath the depiction of the saint or religious icon, (sic) is a separate segment on the label that resembles a scroll with the name of the saint or religious icon." (SAC ¶ 12.) Mercado alleges that this trade dress is inherently distinctive and non-functional. (Id. ¶¶ 11, 13.) Mercado further alleges that it has promoted, advertised, and sold Sanctuary Series candles for over twenty years, and that Sanctuary Series candles are sold at large, nationwide retailers and "smaller independent Latino retailers." (Id. ¶ 15.)

Mercado alleges, among other things, that Defendant sells a line of candles that infringe upon Plaintiff's Sanctuary Series

trade dress.[2]  Defendant now moves for judgment on the pleadings with respect to the trade dress claim.

**II. Legal Standard**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed [] but early enough as not to delay the trial."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper when the moving party clearly establishes that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990); Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).  The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion to dismiss for failure to state a claim, with the court accepting all of the non-moving party's allegations as true.  Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011).

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

---

[2] An earlier iteration of Plaintiff's complaint alleged that Defendant also infringed upon Plaintiff's copyrights on artwork depicted on Sanctuary Series candles.  (First Amended Complaint ¶¶ 12-14, 29.)  Plaintiff specifically identified "artwork of border with appearance of cathedral window-shaped stained glass."  This court dismissed Plaintiff's copyright claim, concluding that the shape of the artwork was not protectable, and that Plaintiff's border artwork is not substantially similar to Defendant's design.  (Dkt. 25 at 4-7.)  The court also concluded that Plaintiff's trade dress claim was duplicative of its copyright claim, and therefore dismissed the trade dress claim as preempted by the Copyright Act.  (Dkt. 25 at 7.)  Mercado appealed this Court's decision regarding the trade dress claim, but not the court's dismissal of the copyright claim.  The Court of Appeals for the Ninth Circuit concluded that Plaintiff's trade dress claim is not preempted by the Copyright Act and remanded to this Court.  (Dkt. 59.)

3

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Specificity of the Claimed Trade Dress

Trade dress is the "total image of a product, including features such as size, shape, color, texture, and graphics[.]"

4

Millennium Labs., Inc. v. Ameritox, Ltd., 817 F.3d 1123, 1126 (9th Cir. 2016) (internal quotation and citations omitted). A plaintiff bringing a trade dress claim must allege "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role[,] either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product . . . creates a likelihood of consumer confusion." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1258 (9th Cir. 2001).

Defendant argues first that Plaintiff has not adequately defined its trade dress. (Motion at 9.) A plaintiff must describe its trade dress clearly enough to give a defendant sufficient notice of the plaintiff's claim. See Homeland Housewares, LLC v. Euro-Pro Operating LLC, No. CV 14-03954 DDP (MANx), 2014 WL 6892141 at *3 (C.D. Cal. Nov. 5, 2014); Millenium Labs., Inc. v. Ameritox, Ltd., No. 12CV1063-MMA(JMA), 2012 WL 4863781 at *2 (S.D. Cal. Oct. 12, 2012). Defendant's argument regarding Plaintiff's description of the claimed trade dress appears to be less a question of articulation, however, than of overbreadth. Defendant argues, for example, that the alleged trade dress is described so broadly as "to capture nearly any stained glass type design, essentially making Mercado's stained glass design generic." (Mot. at 10:20-22.) As this argument suggests, problems of overbreadth are better considered as questions of genericness rather than specificity. See Walker & Zanger, Inc. v. Paragon, Indus., Inc., 549 F.Supp.2d 1168, 1174 (N.D. Cal. 2007) ("Cases addressing product design suggests that the term 'genericness' covers three situations: (1) if the definition of a

product design is overbroad or too generalized; (2) if a product design is the basic form of a type of product; or (3) if the product design is so common in the industry that it cannot be said to identify a particular source."). Questions of genericness, however, are questions of fact. Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 929 (9th Cir. 2005). Here, Plaintiff's relatively detailed description of its claimed trade dress is adequate to put defendant on notice, particularly in light of Plaintiff's inclusion of images of the claimed trade dress in the SAC. (SAC ¶ 12, Ex. A.)

B. Distinctiveness

Defendant also contends that Plaintiff has not sufficiently pleaded that the claimed trade dress serves a source-identifying role because the Sanctuary Series trade dress is not inherently distinctive and Plaintiff has not adequately alleged secondary meaning.[3] As an initial matter, the parties dispute whether Plaintiff's trade dress claim is a "product design" claim or a "product packaging" claim. (Opposition at 14:12, Reply at 5:9.) The distinction is important because product design trade dress can never be inherently distinctive, and therefore always requires a showing of secondary meaning to support a claim of infringement.

---

[3] "A trade dress is inherently distinctive if 'its intrinsic nature serves to identify a particular source of a product.'" Paramount Farms Int'l LLC v. Keenan Farms Inc., No. 2:12-CV-01463-SVW-E, 2012 WL 5974169 at *5 (C.D. Cal. Nov. 28, 2012) (quoting Two Pesos v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992)). The distinctiveness of a trade dress is a question of fact. Paramount Farms, 2012 WL 5974169 at *5 (citing Zobmondo Entertainment, LLC v. Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010).

6

Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 216 (2000).

"Product packaging trade dress," or something similar, encompasses a wide variety of forms of trade dress, including not only a physical product's external packaging, but also, for example, the decor of a restaurant. Id. at 215. Although Plaintiff asserts here that its claim is of the product packaging variety, that cannot be the case.[4] Although a trade dress claim premised on the Sanctuary Series label alone might qualify as a packaging claim, Plaintiff describes its trade dress as encompassing even the essential, physical aspects of the Sanctuary Series candles, including a cylindrical container and a solid, single color wax. (SAC ¶ 12.) The First Circuit, analyzing a trade dress similar to that here, concluded that a claim incorporating physical features inherent to a product, along with other, more packaging-type features, such as labels and a product catalog, fell closer to the product design end of the trade dress spectrum, and therefore required a showing of secondary meaning. Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC., 259 F.3d 25, 40-41 (1st Cir., 2001). This Court agrees, and comes to the same conclusion regarding the trade dress alleged by Plaintiff. Furthermore, the Supreme Court has counseled that "courts should err on the side of caution and classify ambiguous trade dress as product design, thereby requiring secondary meaning." Samara Bros., 529 U.S. at 215. Because Plaintiff's trade dress is best

---

[4] Specifically, Defendant's one-sentence argument states, "Much of Indio's brief on [inherent distinctiveness] is devoted to insisting that Mercado's trade dress is 'product design' variety when it is not." (Opp. at 14:12-13.)

7

characterized as product design rather than packaging, and therefore cannot be inherently distinctive, Plaintiff's allegations regarding inherent distinctiveness are of no moment.

The question remains, however, whether the SAC sufficiently alleges that the Sanctuary Series trade dress has acquired secondary meaning. "A product's trade dress acquires secondary meaning when the purchasing public associates the dress with a single producer or source rather than just the product itself." First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1383 (9th Cir. 1987). Contrary to Defendant's suggestion, Plaintiff need not make any showing or provide any evidence at the pleading stage. Id. ("Whether a particular trade dress has acquired secondary meaning is a question of fact . . . ."). The SAC alleges that Plaintiff has promoted and sold Sanctuary Series candles for over twenty years, and has marketed Sanctuary Series candles through advertisements, sales representatives, and catalogs. (SAC ¶¶ 15, 20.) The SAC further alleges that consumers seek out Sanctuary Series candles and that Plaintiff is the exclusive source of the trade dress, which identifies Plaintiff as its source. (SAC ¶¶ 15-17, 19.) Although the veracity of those allegations remains to be seen, they are adequate to survive a motion for judgment on the pleadings.[5] See, e.g., Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc., 870 F.2d 512, 517 (9th Cir. 1989) ("Evidence of use and

---

[5] Plaintiff will also, of course, bear the burden of demonstrating that its trade dress is not generic. Yellow Cab, 419 F.3d at 928; see also Brighton Collectibles, Inc. v. RK Texas Leather Mfg., 923 F.Supp.2d 1245, 1251-52 (S.D. Cal. 2013); Big Island Candies, Inc. v. Cookie Corner, 269 F. Supp. 2d 1236, 1242-44 (D. Haw. 2003).

8

advertising over a substantial period of time is enough to establish secondary meaning."); see also Spirit Clothing Co. v. N.S. Enterprises, Inc., No. CV 13-2203-RGK, 2013 WL 12144107 at *3 (C.D. Cal. July 23, 2013); Bobrick Washroom Equipment, Inc. v. Am. Specialties Inc., No. CV 10-6938-SVW, 2010 WL 11462854 at *3 (C.D. Cal. Dec. 15, 2010).[6]

C. Functionality

Defendant further argues that Plaintiff failed to make a "factual showing" of non-functionality. (Reply at 12:21.) The test for functionality proceeds in two steps. First, courts examine whether an arguably functional feature is essential to the use of purpose of the article or affects the cost or quality of the article. Millenium Laboratories, 817 F.3d at 1128-29. If so, the trade dress is functional, and the inquiry is over. Id. at 1129. If not, courts must proceed to the second step and determine whether exclusive use of the feature would impose "a significant non-reputation-related competitive disadvantage." Id. This inquiry, however, including the inquiry whether a particular combination of elements is functional, presents a question of fact. Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 842-43 (9th Cir. 1987). At this stage, Plaintiff need not make any factual showing. See, e.g., Stop Staring! Designs v. Tatyana, LLC, No. CV 09-2014 DSF(AJW), 2009 WL 10655208 at *2 (C.D. Cal. June 9, 2009) ("The issues of distinctiveness, functionality, and

---

[6] See also Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 824 (9th Cir. 1993) ("While evidence of a manufacturer's sales, advertising and promotional activities may be relevant in determining secondary meaning, the true test of secondary meaning is the effectiveness of this effort to create it.") (citing First Brands, 809 F.2d at 1383).

9

likelihood of confusion are questions of fact that are not generally amenable to a motion to dismiss.").

D. Likelihood of Confusion

Lastly, Defendant argues that Plaintiff has provided no evidence of confusion and, as a result of this court's dismissal of Plaintiff's copyright claim, Plaintiff has not adequately pleaded likelihood of confusion for trade dress purposes. To reiterate, Plaintiff is not required to provide any evidence at the pleading stage. Stop Staring!, 2009 WL 10655208 at *2. Likelihood of confusion is not only the "most important element" of trade dress claim, but is a question of fact "routinely submitted for jury determination[.]" Clicks Billiards, 251 F.3d at 1264-65.[7] Furthermore, this Court's determination regarding Plaintiff's copyright claim is not dispositive of the trade dress claim. First, substantial similarity for copyright purposes is distinct from likelihood of confusion for trademark or trade dress purposes. Second, the court's substantial similarity copyright analysis focused on a far narrower set of elements than that presented in conjunction with Plaintiff's trade dress claim. Whereas this Court's copyright analysis looked only to border artwork with the appearance of stained glass, Plaintiff's trade dress claim encompasses numerous elements, including wax, a glass container of a certain shape, size, and opacity, a label of specific manufacture

---

[7] Multi Time Machine, Inc. v. Amazon.com, Inc., 804 F.3d 930, 939 (9th Cir. 2015) does not support Defendant's contention that this court should find no likelihood of confusion at the pleading stage. Although the Ninth Circuit did state that likelihood of confusion is "often a question of fact, but not always[,]" it did so in the summary judgment context, with references to specific evidence.

and shape, and art depicted thereupon.[8] The cases cited by Defendant are, therefore, inapt. See, e.g. Lichtfield v. Spielberg, 736 F.2d 1352, 1357-58 (9th Cir. 1984) (holding that two dramatic works were not substantially similar for copyright purposes, and therefore affirming dismissal of Lanham Act claim for reverse passing off).

**IV. Conclusion**

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

Dated: April 11, 2017

DEAN D. PREGERSON
United States District Judge

---

[8] See note 2, supra.

11