REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Edward W. Lukas (SBN 155214)
HARRINGTON, FOXX, DUBROW
& CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071
Telephone: (213) 489-3222
elukas@kfdclaw.com

Linda D. Mettes (*Pro Hac Vice*)
Rebecca J. Cantor (*Pro Hac Vice*)
Kristin L. Murphy (*Pro Hac Vice*)
Anita C. Marinelli (*Pro Hac Vice*)
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  248-358-4400
lmettes@brookskushman.com
rcantor@brookskushman.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCADO LATINO, INC. dba CONTINENTAL CANDLE COMPANY,<br><br>　　　*Plaintiff,*<br><br>v.<br><br>INDIO PRODUCTS, INC., a California Corporation, and DOES 1 through 10, Inclusive,<br><br>　　　*Defendant.* | Case No.  2:13-cv-01027-DDP-JEM<br><br>**DEFENDANT INDIO PRODUCTS, INC'S NOTICE OF MOTION AND MOTION IN LIMINE #1 AND MEMORANDUM AND POINTS IN SUPPORT TO EXCLUDE MADE-FOR-LITIGATION DOCUMENTS AND TESTIMONY THERETO**<br><br>Judge: Hon. Dean D. Pregerson<br>Courtroom: 9C<br>Date: Monday, June 4, 2018<br>Time: 10:00 AM |

**TO THE COURT, PLAINTIFF, AND ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on June 4, 2018 at 10:00 AM, or as soon thereafter as counsel may be heard by the above-entitled Court located at 350 W. 1st Street 9th Floor, Los Angeles, CA 90012, Defendant Indio Products, Inc. will and hereby does move the Court *in limine* for an order excluding hearsay documents created for litigation that are not business records and do not fall under any other hearsay exception. More specifically, the Court should exclude the following inadmissible documents (collectively, the "Made-for-Litigation Documents"):

1.   The one-page **Cost Table** for an unidentified year and unidentified cost categories that purports to provide the basis for a profit calculation for Mercado's Carisma candles on which Mercado claims lost profits (Ex 1 to Ex A, Declaration of Marinelli (Bates No. MERC 01748));

2.   The two-page **Bar Chart and Data** alleging a theory of lost profits (without any expert) based on an assumption of maintaining the profit level of Mercado's Carisma candles sold to 99 Cents Only/Bargain Wholesale at the 2011 unit and price level for years 2012 through 2017 (Ex A-2 (Bates No. MERC 00001-00002));

3.   **Spreadsheets of Selected Sales Data** for years 2011 to 2017 for unidentified Mercado's Sanctuary Series candles sold to unidentified customers with a column purporting to state ad allowances to unidentified customers, where none of the underlying business records were produced (Ex A-3 (Bates No. MERC 01693-01698));

4.   A purported **Quality and Confusion Description** with opinions about confusion and selected portions of an unidentified third-party analysis claiming to test the accused value candles against Mercado's premium Sanctuary Series candles (Ex A-4 (Bates No. MERC 01424-01438)); and

5.   A **Copyright Development Description** (Ex A-5 (Bates No. MERC 01564-01597)).

This motion in limine also seeks preclusion of any lay testimony regarding an opinion on damages or third-party quality analysis based on the Made-for-Litigation Documents. Mercado did not advance any expert report on damages or on any quality analysis. Nor did Mercado produce the underlying business records for any of the Made-For-Litigation documents that would enable testing the truth of the assertions contained therein, other than the Copyright Development Description.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support thereof and any subsequently filed memorandum, accompanying papers, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Pursuant to L.R. 7-3, lead Counsel for Indio met and conferred with Counsel for Plaintiff Mercado on each of the five documents at issue on April 11, 2018 telephonically.

Dated: May 4, 2017    Respectfully submitted,

By:/s/ Linda D. Mettes
Linda D. Mettes
Rebecca J. Cantor
Kristin L. Murphy
Anita C. Marinelli
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: 248-358-4400 / Fax: 248-358-3351
lmettes@brookskushman.com

Edward W. Lukas
**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
333 South Hope Street, Suite 1000
Los Angeles, California 90071
Telephone: (213) 489-3222
elukas@kfdclaw.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

I.    PRELIMINARY STATEMENT ..........................................................1

II.   PROCEDURAL BACKGROUND ......................................................1

III.  THE FIVE MADE-FOR-LITIGATION DOCUMENTS ..............................3

      A.    Damages-Related Documents ................................................3

      B.    Quality and Confusion Description.......................................6

      C.    Copyright Development Description ....................................6

IV.   ARGUMENT.....................................................................................6

      A.    Mercado's Made-For-Litigation Documents Should Be
            Excluded ...............................................................................7

            1.    The Made-For-Litigation Documents Are Inadmissible
                  Hearsay....................................................................... 7

            2.    The Documents Meet No Hearsay Exception and were
                  Made-For-Litigation ................................................... 8

            3.    The Made-For-Litigation Documents Do Not Meet the
                  Residual Or Catch All Exception of Rule 807.................... 13

            4.    The Made-For-Litigation Documents Should Be
                  Excluded Because They Are Likely to Mislead or
                  Confuse the Jury............................................................. 14

      B.    Mercado Should be Precluded from Offering Expert Testimony
            Based on the Made-For-Litigation Documents...................................15

V.    CONCLUSION..................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
  227 F.R.D. 313 (C.D. Cal. 2004)......................................................................13

*Clark v. City of Los Angeles*,
  650 F.2d 1033 (9th Cir. 1981) .........................................................................8

*Hester v. BIC Corp.*,
  225 F.3d 178 (2nd Cir. 2000) .........................................................................16

*In re AgriBioTech*,
  2005 U.S. Dist. LEXIS 6467 ..........................................................................13

*Lindy Pen Co. v. Bic Pen Corp.*,
  982 F.2d 1400 (9th Cir.1993) ................................................................ 2, 5, 12

*Luce v. United States*,
  469, U.S. 38 (1984)..........................................................................................6

*Novelty, Inc. v. Mt. View Mktg.*,
  265 F.R.D. 370 (S.D. Ind. 2009) .....................................................................7

*Old Chief v. United States*,
  519 U.S. 172, (1997).......................................................................................14

*Paddack v. Dave Christensen, Inc.*,
  745 F.2d 1254 (9th Cir. 1984) .........................................................................9

*Quia Corp. v. Mattel, Inc.*,
  2011 WL 2749576 (N.D. Cal. July 14, 2011) ..................................................2

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
  668 F.3d 1148 (9th Cir. 2012) .......................................................................16

*Sana v. Hawaiian Cruises, Ltd.*,
  181 F.3d 1041 (9th Cir. 1999) .........................................................................9

*Schnelling v. Thomas (In re AgriBioTech, Inc.)*,
  2005 U.S. Dist. LEXIS 6467 (Mar. 2, 2005)....................................................8

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*,
     875 F.3d 426 (9th Cir. 2017) ....................................................................2

*U.S. Salt, Inc. v. Broken Arrow, Inc.*,
     563 F.3d 687 (8th Cir. 2009) ..................................................................16

*U.S. v. Sanchez-Lima*,
     161 F.3d 545 (9th Cir. 1998) ..................................................................13

*United States CFTC v. Am. Bullion Exch. Abex Corp.*,
     2014 U.S. Dist. LEXIS 110057 (C.D. Cal. Aug. 7, 2014) ......................13

*United States v. Kennedy*,
     714 F.2d 968 (9th Cir. 1983) ....................................................................6

*Wyatt Tech. Corp. v. Malvern Instruments, Inc.*,
     2010 WL 11505684 (C.D. Cal. Jan. 25, 2010) .........................................5

## Other Authorities

Kenneth L. Port, *Trademark Extortion: The End of Trademark Law*, 65 Wash. & Lee. L Rev., 585, 622 (2008) ..................................................................2

## Rules

Fed. R. Civ. P. 26..................................................................................1, 15
Fed. R. Civ. P. 37......................................................................................13
Fed. R. Evid. 401......................................................................................14
Fed. R. Evid. 403......................................................................................14
Fed. R. Evid. 801........................................................................................7
Fed. R. Evid. 802........................................................................................7
Fed. R. Evid. 803....................................................................................8, 9
Fed. R. Evid. 807......................................................................................14

## I.   PRELIMINARY STATEMENT

Plaintiff Mercado Latino, Inc. ("Mercado") refused to produce business records and instead produced many made-for-litigation documents that Mercado created to introduce as "evidence" during summary judgment and/or trial.[1]  But these made-for-litigation documents constitute inadmissible hearsay for which no exception applies. Nor are the documents sufficiently grounded in admissible evidence since the underlying business records were predominantly not produced.

Mercado and/or its attorneys created these documents with gratuitous commentary and cherry-picked information that may be partially based on business records but also were advantageously calculated to create factual support for their litigation contentions.   These unreliable documents merely reflect Mercado's litigation arguments and thus have no probative value as evidence and would be likely to confuse or mislead the jury. In addition, Mercado did not proffer any expert testimony on damages but instead intends to introduce lay testimony masquerading as expert testimony regarding Mercado's alleged lost profits using the made-for-litigation documents.   Mercado should be precluded from offering such speculative and conclusory opinion testimony that was not subjected to the expert requirements of Fed. R. Civ. P. 26.

## II.   PROCEDURAL BACKGROUND

This suit makes little business sense.  Damages are non-existent for the dollar store business for which Indio's value candle was largely sold. ██████████ ███████████████████████████████████████████████████████████████████ ███████████████████████ Indio has other non-accused prayer candle lines.  To be clear, Indio has moved for summary judgment that Mercado has no protectible trade dress over prayer candles with any stained-glass window border and that Indio did not infringe any trade dress rights.  Nevertheless, Mercado's absurd damages claim – with

---

[1] In the Meet and Confer, Mercado would not agree that any of the five Made-For-Litigation documents could not or would not be used as evidence.

no expert or business record support – ████████████████████ propels this case forward.  The absurdity begins with the fact that the claim is based solely on Mercado's Carisma candles that do **not** even bear any stained-glass window border.

The summary judgment motion details the deficiencies of the damages claim as a matter of law.  This motion predominantly involves Mercado's use of the Made-for-Litigation documents as a substitute for producing business records related to its compensatory damages claims. Trademark infringement does not necessarily result in any damages award.[2] If trademark infringement is established, damages are limited to **compensatory damages**,[3] unless willfulness is established to potentially enable recovery of disgorgement of profits and attorney fees.[4]  The compensatory damage claims relate to 1) lost profits on its Carisma candles that do not bear the asserted trade dress (which is unprecedented and contrary to existing Ninth Circuit law) and 2) a purported but undisclosed corrective advertising claim. Mercado cannot substitute made-for-litigation documents with carefully selected and culled information to prove compensatory damages.

With no damages expert, the sum total of "evidence" and "analysis" for its lost profits claim is the two-page Bar Chart and Data based on the one-column Carisma cost calculation using blind items 1-10.  (Ex A-1; Ex A-2.)  The sum total of "evidence" (without any analysis) for its corrective advertising claim is an ad allowance column that Mercado placed without details into the Spreadsheets of Selected Sales Data. (Ex A-3.)

---

[2] One study of cases decided between 1947 and 2005 determined that **only 5.5% of all Lanham Act cases obtained any damages at all**.  Kenneth L. Port, *Trademark Extortion: The End of Trademark Law*, 65 Wash. & Lee. L Rev., 585, 622 (2008).

[3] In other words, trademark infringement damages are typically measured as those sales that would have been made "but for" the infringement. *Quia Corp. v. Mattel, Inc.*, 2011 U.S. Dist. LEXIS 76157, at *13 (N.D. Cal. July 14, 2011).

[4] *See Stone Creek, Inc. v. Omnia Italian Design, Inc*., 875 F.3d 426, 441-42 (9th Cir. 2017).  Even if willfulness could be proven (and it cannot), disgorgement is not at issue in this motion as that involves Indio business records which were produced.

## III.   THE FIVE MADE-FOR-LITIGATION DOCUMENTS

Mercado avoided producing business records and instead produced documents that were created to support its positions in this litigation.  These documents fall into three categories: damages-related, quality/confusion-related, and a copyright development description. The damages-related documents involving cost, sales and advertising were provided without underlying business records that could establish the veracity of the numbers and provide counter-evidence for Indio positions.

**A.   Damages-Related Documents**

**<u>Mercado's Cost Table</u>** (Ex A-1) was created for this litigation to support the purported cost of ▮▮▮▮▮ to establish a gross profit associated with the Carisma candles – with blind secret cost items 1-10. The ***entirety of the document*** is reproduced below, showing Mercado's litigation position of its costs ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ without any identification of years:



Mercado's internal business records for its costs do not exist in this form with secret cost items taken from random invoices of different years.[5]  (A-6, Dep Tr of Rodriguez at 109:23-110:1.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] Note that Mercado does not claim lost profits on Sanctuary Series candles and thus only the C1 column for Carisma candles relates to its purported lost profit calculation.

████████████████████████████████████████████ Mercado did produce ten supplier invoices from a variety of years that Mercado claims are the support for this "cost" document.  (Ex A-7, Redacted Supplier Invoices.)   While Mercado's cost calculation based on a selection of random invoices is not a substitute for the actual business records showing costs, those documents are also so heavily redacted to leave no information to understand Mercado's costs, much less test the credibility of the information. (Ex B, Decl. of Tepp, Ex 1 at ¶ 21). ████████████

████████████████████████████████████████████

████████████████        *Id.*  Mercado did not produce any business records setting forth its incremental costs – the variable and semi-variable costs that go into the production, sale and distribution of the Carisma candles. *Id.*

**Mercado's Two-Page Chart and Data** sets forth the entire analytical and factual basis of Mercado's claim alleging lost profits for Carisma candles at 99 Cents Only/Bargain Wholesale ("BW"), as set forth below:

████████████████████████████████████████████

This made for litigation document was created to support Mercado's damages claim that ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ (Ex B-1 at ¶¶ 14, 17.)  The troublesome "profit" data based on the "cost" data table is repeated in this two-page document.

(Ex B-1 at ¶¶ 15, 21.)  The Carisma candles (below) do not bear the Asserted Trade Dress. That alone establishes that a stained-glass border design was unimportant for selling candles to 99 Cents Only and but-for causation cannot be established.[6]



> Carisma Candle
> (Mercado's Value Candle)

**The Spreadsheets of Selected Sales Data (Ex A-3)**. A sample excerpt of the 2011 Excel file ***showing all columns*** (but not the rows) is reproduced below.



Mercado referenced the document as "redacted" but the produced document is not in the form of a business record.  It is unclear how or even whether the underlying data exists in business records.  ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████  █████████████████████████████████

---

[6] The Ninth Circuit indeed has held that **a lost profit claim cannot extend to products which do not bear the asserted trademark or trade dress**. *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993).  In *Lindy Pen*, the Ninth Circuit affirmed the district court's determination that the plaintiff's "calculations contained items in which no likelihood of confusion existed and therefore were inappropriately included" and thus the court had no rational basis upon which to award lost profits.  *See also Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11505684, at *3–5 (C.D. Cal. Jan. 25, 2010), aff'd in part, 526 F. App'x 761 (9th Cir. 2013) (citing *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983)).

1   ████████████████████████████████████████████████████

2   ██████████████████   ████████████   ████████████████

3   ████████████████████████████████████████████████████

4   ███████████   ████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████

8   ██████████████████████████████████████

**B.   Quality and Confusion Description**

The purported Quality and Confusion Description (Ex A-4) document was likewise a creation for this litigation using selective portions o███████████████████ ██████████████████ The Quality and Confusion Description document purports to show testing between ██████████████████████████████████ ████████████ Mercado provided no expert testimony on this testing.

**C.   Copyright Development Description**

Lastly, the Copyright Development Description document (Ex A-5) is a ███ ████████████████████████████████████████████████████ ██████████████████ Unlike the other made-for-litigation documents, the underlying documents to support this made-for-litigation were produced, although many were *untimely* produced after the close of fact discovery at the deposition of Mr. Rodriguez on November 13, 2017. (Ex A-9, Email from E. Moran.)

## IV.   ARGUMENT

This Court, in its "inherent authority to manage the course of trials," may make *in limine* rulings regarding evidentiary issues likely to arise at trial. *Luce v. United States*, 469, U.S. 38, 41 n.4 (1984). The decision to issue a preliminary ruling on the admissibility of evidence is vested in the Court's sound discretion. *United States v. Kennedy*, 714 F.2d 968, 975 (9th Cir. 1983).

Mercado selectively produced information to bolster its positions while withholding any information that may be harmful. *Novelty, Inc. v. Mt. View Mktg*., 265 F.R.D. 370, 378 (S.D. Ind. 2009) ("Producing only those documents that are deemed helpful to the producing party's litigation position--parsing out the bad from the good--is, of course, impermissible. A litigant cannot limit its discovery so as to ascribe unto itself the role of judge and jury."). Rather than produce business records, however, Mercado created documents for this litigation to advance its positions. Made-for-litigation documents are inadmissible hearsay.

## A.   Mercado's Made-For-Litigation Documents Should Be Excluded

### 1.   The Made-For-Litigation Documents Are Inadmissible Hearsay

The Made-for-Litigation Documents are inadmissible hearsay for which no exception applies. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In the absence of a procedural rule or statute, hearsay is inadmissible unless it is non-hearsay under Fed. R. Evid. 801(d) or falls within a hearsay exception under Rules 803, 804 or 807. *See* Fed. R. Evid. 802.[7]

In the Amended Initial Disclosures (Ex A-10), and during its 30(b)(6) testimony, *e.g.*, Mercado has relied on the purported made-for-litigation documents to show the truth of the information contained therein; therefore, the documents are hearsay. In its Amended Initial Disclosures, Mercado relies on its damages-related Made-for-Litigation Documents as purported proof of the damages claim of ███████████████████      █████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[7] The Made-For-Litigation Documents are not "non-hearsay" as a "Declarant-Witness's Prior Statement" or "An Opposing Party's Statement" under Fed. R. Evid. 801(d). The damages documents reflect numerical values on which Mercado relies for its damages claim. The Quality and Confusion Description and the Copyright Development Description are selective cut-and-paste creations of Mercado.

Because Mercado has alleged a claim of lost profits, Mercado must prove profits by proving its costs. (Ex B-1 ¶¶ 19-21.)  Without the underlying records, Indio is forced to accept the accuracy of Mercado's calculations without any means to test its accuracy.   Similarly, Mercado produced the Quality and Confusion Description and Copyright Development Description and would not agree in the meet and confer that these documents would not be used at trial as evidence of the truth of the information contained therein.

## 2. The Documents Meet No Hearsay Exception and were Made-For-Litigation

Hearsay is admissible only if it qualifies as an exception to the general rule. Fed. R. Evid. 803(6), the "Business Records" exception is typically utilized in commercial litigation to introduce business information as evidence.[8]  It does not apply here. For the record to be admissible under the exception of Rule 803(6), Mercado would have to show the following:

> (A) the record was made at or near the time by— or from information transmitted by— someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

---

[8] *See Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) ("[H]earsay statements are admissible only if the observer or participant in furnishing the information to be recorded was acting routinely, ***under a duty of accuracy, with employer reliance on the result.***" (emphasis added)); *v. Thom*as (*In re AgriBioTech, Inc.*), 2005 U.S. Dist. LEXIS 6467, at *19. (Mar. 2, 2005) ("The business record exception is based on the theory that accuracy and trustworthiness are assured by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.")  If the person providing the information is not acting under a duty of accuracy, another hearsay exception must apply for the information to be admissible. *Id.* at *19-20.

Fed. R. Evid. 803(6).  None of the elements of this exception are applicable.  These Made-For-Litigation Documents are the precise opposite of records kept in the course of regularly conducted business activity. And, the circumstances of preparation – for litigation – signifies the exact lack of trustworthiness that the hearsay rule is designed to prevent.

"[A] document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258-59 (9th Cir. 1984); *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1046 (9th Cir. 1999) ("Courts are rightfully wary when parties create self-serving documents and seek to offer them as business records."). This is because where a document is prepared for litigation the "normal checks upon the accuracy of business records are not operative." *Paddack*, 745 F.2d at 1259.

**First, as to the Damages-Related Documents**, the underlying business records were not produced on any costs and advertising expenses and the sales information was selective at best. ████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████ ████████████████████████████████ █████████████████████████████████ ████████████████ █████████████ █████████████ ████████████████████████████ ███████████ ██ ████████████████████████

Moreover, the invoices to Mercado's cost document ███████████

██████████████████████████████████████████████████████

████████████   The cost table is nothing more than a table of unsubstantiated numbers.

Without knowing what items (or time period) the invoices relate to, Indio has no way of testing how Mercado calculated its costs or what was included in the calculation.

Because of these deficiencies, Indio's expert was unable to perform evaluation or auditing of the completeness and accuracy of the purported costs. (Ex B-1 at ¶ 21.)

With respect to the Spreadsheets of Selected Sales Data, Mercado, ████████

1

2

3

4

5

6

7

8

9

10

11 not all products sold under the Sanctuary

12 Series product line bear the Asserted Trade Dress.

13

14

15

16

17

18

19

20

21

22 Mercado's understanding of "redaction"

23 appears to include creating entirely new documents with selective information from

24 other records.[9]   Mercado's records do not exist in the form of the documents

25

26 [9]

27

28

produced and Mercado selectively disclosed only the information in the Made-For-Litigation Documents on which it intends to rely.

Along similar lines, Mercado's Bar Chart and Table was created specifically for this litigation to assert lost profits associated with Carisma candles. (Ex A-6 at 112:1-6.) This document is essentially opinion testimony in document form without providing an expert or report. This document purports to show but-for damages but is opinion without support.[10] It is also legally irrelevant as Carisma candles do not bear the Asserted Trade Dress and cannot support a claim for lost profits.[11]

**Second,** Mercado's Quality and Confusion Description appears to contain selective clippings of third party test results. This document is made-for-litigation on its face: it opines about ███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████

**Third,** the Copyright Development Description includes the year 2017 in the footer, long after this litigation commenced in 2014, and includes a description of the development of Mercado's product as well as statements referring to the design. (Ex A-5 at MERC 01566-81.) Given the date of creation and the contents of these documents, it is evidence they were created for this litigation and thus not gathered and maintained at or near the time of development in 1991 or by someone with knowledge.

The simple fact is, the documents were created ***specifically for this litigation*** and therefore, are the epitome of untrustworthiness.

---

[10] ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████

[11] *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) (holding that a lost profit claim cannot be based on a product for which no likelihood of confusion existed).

### 3.   The Made-For-Litigation Documents Do Not Meet the Residual Or Catch All Exception of Rule 807.

"Hearsay not otherwise falling with an exception in Federal Rules of Evidence 803 or 804 still may be admissible under the residual or 'catch-all' hearsay exception in Federal Rule of Evidence 807." *In re AgriBioTech*, 2005 U.S. Dist. LEXIS 6467, at *27-28. But such evidence "must have circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule." *U.S. v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998).

First, the Made-for-Litigation Documents were prepared by Mercado specifically for this litigation and thus do not possess the "circumstantial guarantees of trustworthiness" required under Rule 807. Indeed, where the source of the information here is Mercado, it has a motive to fabricate or shade the truth, the information should not be admitted pursuant to Rule 807. *In re AgriBioTech*, 2005 U.S. Dist. LEXIS 6467, at *30 (noting that the provider of the information at issue "had motives to fabricate or shade the truth").

Second, Mercado also refused Indio the right to evaluate and assess the accuracy against business records or challenge the calculations of cost, sales and advertising. These documents were requested through document requests, Interrogatories and 30(b)(6) categories but were not produced. (Ex A at ¶¶ 12-19.) Rule 37(c)(1) provides that, "[i]f a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *United States CFTC v. Am. Bullion Exch. Abex Corp*., 2014 U.S. Dist. LEXIS 110057, at *13-14 (C.D. Cal. Aug. 7, 2014) (excluding exhibit not produced during discovery under Fed. R. Civ. P. 37 when granting summary judgment); *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 323-24 (C.D. Cal. 2004). Mercado essentially attempts to evade the requirements of fact and expert discovery by creating these documents as opposed to producing business

records that subject the employees to deposition and preparing expert reports that subject their chosen expert to expert discovery. As such, the Made-For-Litigation Documents entirely lack any circumstantial guarantees of trustworthiness required by Fed. R. Evid. 807.

### 4. The Made-For-Litigation Documents Should Be Excluded Because They Are Likely to Mislead or Confuse the Jury

Evidence not "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," is irrelevant and should be excluded at trial. Fed. R. Evid. 401- 402. Mercado has not produced all the underlying documents for the Made-For-Litigation Documents. Moreover, even relevant evidence should be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

The damages-related documents in general give the inaccurate appearance of a business record to lend false credibility to Mercado's litigation contentions. However, Mercado's Bar Chart contains projected sales and profit information that is unreliable as well as irrelevant to the claims at issue in that it deals with lost profits for products that do not bear Asserted Trade Dress. The damages-related documents would bombard the jury with irrelevant and unreliable numbers and calculations and theories that are likely to mislead the jury in any assessment of Mercado's claims.

Mercado's Quality and Confusion Description document is also misleading as it compares ██████████████████████████████████████ ████████████████████████ ████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████ Similarly,

comparing █████████████████████████████████████████████ █████████████████████████ Moreover, Mercado's statements regarding confusion by customers are not just self-serving but go to the central issue in this litigation. (Ex A-4 at MERC 01438.)  This Court should respectfully reject Mercado's attempt to introduce as evidence such statements in the document as ███████████████ █████████████████████████████████████████████████████████████████ ████████████████████████████████████ This opinion of an unidentified person on an ultimate issue in this case is misleading, conclusory and inadmissible.

## B.  Mercado Should be Precluded from Offering Expert Testimony Based on the Made-For-Litigation Documents

Mercado should not be permitted to offer any expert testimony regarding damages or quality/confusion because it disclosed neither an initial expert nor rebuttal expert by the deadlines set by the Federal Rules of Civil Procedure and by this Court.  Under Rule 26(a)(2) "a party must disclose to the other parties the identity of any witness it may use at trail to present evidence under Federal Rule of Evidence 702, 703, or 705 (expert opinion)." Such disclosure must be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under the Court's May 23, 2017 and Scheduling Order, expert discovery concluded on January 17, 2018. (DN 101.)  Mercado did not disclose any initial damages or quality expert prior to the deadline, despite Indio's inquiries if an expert would be proffered. (DN 112-2 at PageID Nos. 1847, 1849, 1855.)  Thus, Mercado should be precluded from offering any expert opinion, including with respect to damages.

Opinion testimony regarding alleged lost profits or quality confusion is not appropriate lay opinion testimony.  Testimony regarding Mercado's alleged lost profits or quality confusion using the made-for-litigation documents would merely circumvent the requirements of Fed. R. Civ. P. 26 and would be nothing but conjecture and speculation, which is not appropriate lay opinion testimony. Under Rule 701 of the Federal Rules of Evidence, testimony in the form of an opinion by

a lay witness, not testifying as an expert, must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012) (quoting Fed. R. Evid. 701 advisory committee's note to 2000 amendment).

Lay opinion that is nothing more than "naked speculation" must be barred. *Hester v. BIC Corp.*, 225 F.3d 178, 182 (2nd Cir. 2000). Any lay opinion Mercado could offer regarding alleged damages or lost profits would be nothing more than inadmissible "naked speculation." *U.S. Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009) (precluding president of plaintiff from providing lay opinion testimony regarding lost profits because such testimony was too speculative). The testimony regarding Mercado's sales at 99 Cent Only, involving the Bar Chart, falls within the opinion scope of expert testimony. The same holds true for Mercado's Quality and Confusion Description document. The document provides conclusory statements from ███████████████████████████████████████████ ███████████████████████████████████████████████ Any such testimony should be precluded as it would be expert testimony that was not the subject of an expert report that was tested by expert discovery.

## V.    CONCLUSION

For the foregoing reasons, Indio respectfully requests that the five documents be held to be inadmissible hearsay for which no exception applies and that Mercado be precluded from offering lay testimony using the made for litigation documents.

Dated:  May 4, 2018

Respectfully submitted,

By:/s/ Linda D. Mettes
Linda D. Mettes
Rebecca J. Cantor
Kristin L. Murphy
Anita C. Marinelli
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: 248-358-4400 / Fax: 248-358-3351
lmettes@brookskushman.com
rcantor@brookskushman.com

Edward W. Lukas
**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
333 South Hope Street, Suite 1000
Los Angeles, California 90071
Telephone: (213) 489-3222
elukas@kfdclaw.com

*Attorneys for Defendant*